IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-03230-RM-NRN

JOSE GUARDIOLA,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 14,
ADAMS COUNTY SCHOOL DISTRICT NO. 14 BOARD OF EDUCATION, and
JAVIER ABREGO, individually and in his official capacity,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' objection to the magistrate judge's order compelling them to disclose three e-mails that they contend are subject to the attorney-client privilege. (ECF No. 40.) For the reasons below, the objection is overruled.

## I. LEGAL STANDARDS

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

"The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quotation

omitted). But "the mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir. 1995). For the privilege to apply, "a communication between a lawyer and client must relate to legal advice or strategy sought by the client." *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998). The party seeking to assert the privilege bears the burden of establishing that it applies. *Motley*, 71 F.3d at 1550.

## II. BACKGROUND

Plaintiff is a former employee of Defendant Adams County School District No. 14. He contends that Defendants fired him for his association with INSPIRE, an organization that Defendants believed was encouraging students to protest against the school board, in violation of his First Amendment rights.

This discovery dispute concerns a discussion over e-mail concerning the implementation of new security measures at school board meetings in which members of Defendant Adams County School District No. 14 Board of Education and their counsel participated. The magistrate judge reviewed in camera five e-mails from the discussion and then invited briefing on the issue of attorney-client privilege. Both sides filed briefs. (ECF Nos. 35, 36.) The magistrate judge then determined two of the e-mails—one sent by counsel and another responding to it six minutes later—were privileged but the first, second, and portions of the fifth were not.[1] Specifically, the magistrate judge found that the sender of the first e-mail was forwarding a security plan proposed by a third-party security provider and seeking input and direction from all the decision-makers, as well as counsel, about implementing it. The

---

[1] The Court does not reproduce the disputed e-mails here because they are in the record. (ECF No. 34.)

magistrate judge determined that the sender's request was not privileged simply because the attorney was included in the discussion.

The magistrate judge found that the sender of the second e-mail was expressing concerns about strategy, perception, and public opinion and that the e-mail was not sent for the purpose of giving or receiving legal advice.

And the magistrate judge found that the sender of the fifth e-mail reflected the sender's decision with respect to the proposed security plan and her reasons for that decision; thus, it was merely a business communication and not privileged.

## III. ANALYSIS

The Court has reviewed the disputed e-mails and discerns no error with respect to the magistrate judge's conclusion that Defendants have failed to meet their burden that the attorney-client privilege applies. The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The disputed e-mails do not directly request or offer legal advice. Nor are they necessary to obtain such advice. Instead, the disputed e-mails are part of a broader discussion about increasing security at school board meetings. Although legal considerations are one component of that discussion, the disputed e-mails, on their face, predominantly relate to other issues. The primary purpose of the first e-mail is to address logistical issues raised by a private security provider. The primary purpose of the second e-mail is to share concerns about managing public opinion. And the primary purpose of the fifth e-mail is to announce and explain the decision that was reached. To the extent legal issues are tangentially related to the broader topic of security, that is not enough to bring the content of these e-mails within the attorney-client privilege.

Defendants argue that the e-mails should be presumed privileged because counsel was included and participated in the discussion. But the mere fact that counsel was included in these e-mails does mean they were sent to him for the purpose of obtaining legal advice. The disputed e-mails constitute part of the school board's decision-making process with respect to addressing security concerns at school board meetings, and there is no indication that they would not have been sent if the senders believed they were not privileged. Defendants also argue that unrefuted affidavits by the senders of the e-mails support their position that the e-mails were intended to obtain legal advice. But Defendants cite no authority, nor is the Court aware of any, for the proposition that the Court is precluded from assessing the e-mails at face value and based on the context in which they were sent. Nor is the Court persuaded by Defendants' argument that chain e-mails, which are now routine in a wide variety of transactions, should be subject to the privilege, in their entirety, merely because one or more links in the chain come from legal counsel. Defendants have failed to show that the attorney-client privilege applies to the disputed e-mails and that the magistrate judge's ruling was clearly erroneous or contrary to law.

## IV. CONCLUSION

Accordingly, the Court OVERRULES the objection (ECF No. 44).

DATED this 25th day of October, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge